# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CV-80689-ROSENBERG

WELCH PLASTERING, INC.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## UNITED STATES' ANSWER TO COMPLAINT

The United States of America, in answer to the Complaint filed on May 30, 2024,[1] alleges and states to the specified number paragraphs:

Unnumbered paragraph before Paragraph 1: The United States admits that Welch Plastering's claim is brought under 26 U.S.C. § 7422. The United States admits that this is a civil action for a refund. The United States admits that the refund claim was duly and timely claimed and filed with the Secretary of the Treasury via the IRS. The United States denies that the refund claim remains unchallenged. The United States admits that the refund claim remains unpaid.

---

[1] Plaintiff Welch Plastering, Inc. ("Welch Plastering") originally filed a complaint on May 30, 2024 in the Fort Lauderdale Division under docket number 0:24-cv-60925. The Clerk of the Court transferred the case to the West Palm Beach Division and renumbered it as docket number 9:24-cv-80689. This Answer is in response to the Complaint entered on May 30, 2024 under docket number 9:24-cv-80689.

## JURISDICTION, VENUE, AND PARTIES

1. The United States admits the allegations in paragraph 1.

2. The United States admits the allegations in paragraph 2.

3. The United States lacks knowledge as to whether Welch Plastering is in good standing with the State of Florida. The United States admits that, according to the records published on the website of the State of Florida Division of Corporations, Welch Plastering's principal place of business is 716 Northeast Third Street, Boynton Beach, Florida 33435.

4. The United States admits that serving the United States Attorney for the Southern District of Florida and the Attorney General of the United States is necessary, but not completely sufficient, for serving the United States with process for this matter. The Internal Revenue Service must also be served for service of process to be complete. *See* Fed. R. Civ. P. 4(i)(1)(C).

## NATURE OF THE FEDERAL TAX ISSUE AND ACTION

### Federal Employment Taxes

5. The United States admits the allegations in paragraph 5, except that it avers federal income tax withholding is made under, not from, the Federal Insurance Contributions Act (FICA).

6. The United States denies the allegations in paragraph 6, but avers that pursuant to 26 U.S.C. §§ 3102, 3111, 3301, and 3402, employers are required to pay their own portion of FICA taxes and Federal Unemployment Tax Act (FUTA)

taxes. The United States also avers that FICA and FUTA taxes are collectively commonly referred to as "employment taxes" or "payroll taxes."

  7. The United States admits the allegations in paragraph 7.

  8. The United States admits the allegations in paragraph 8.

### The COVID-19 Pandemic-Related "CARES" Act – Employee Retention Credit ("ERC")

  9. The United States admits the allegations in paragraph 9.

  10. The United States denies that 26 U.S.C. § 3134 is the statutory basis for the ERC for 2020. The CARES Act is the statutory basis for the ERC for 2020. *See* CARES Act, Pub. L. No. 116-136, § 2301(c), 134 Stat. 348 (2020). The United States admits the remaining allegations in paragraph 10.

  11. The United States admits the allegations in paragraph 11.

### ERC Qualification – Significant Reduction in Gross Receipts Qualification

  12. The United States denies that 26 U.S.C. § 3134 is the statutory basis for the ERC for 2020. The CARES Act is the statutory basis for the ERC for 2020. *See* CARES Act, Pub. L. No. 116-136, § 2301(c), 134 Stat. 348 (2020). The United States admits the remaining allegations in paragraph 12.

  13. The United States denies that 26 U.S.C. § 3134 is the only statutory basis for the ERC in 2021. Section 2301(c)(2)(B) of the CARES Act, as amended by section 207(d)(2) of the Relief Act, and 26 U.S.C. § 3134(c)(2)(B) are all statutory bases for the ERC for 2021. The United States admits that a taxpayer can qualify for the ERC during the first three quarters of 2021 if its gross receipts are less than 80

percent of the gross receipts for the same calendar quarter in 2019 (or based on the same calendar quarter in 2020 if the taxpayer did not exist in 2019). The United States denies the remaining allegations in paragraph 13.

14. The United States denies the allegations in paragraph 14.

### ERC – Credit Amount Determination

15. The United States denies that 26 U.S.C. § 3134 is the statutory basis for the ERC for 2020. The CARES Act is the statutory basis for the ERC for 2020. *See* CARES Act, Pub. L. No. 116-136, § 2301(c), 134 Stat. 348 (2020). The United States admits the remaining allegations in paragraph 15.

16. The United States denies that 26 U.S.C. § 3134 is the only statutory basis for the ERC in 2021. Section 2301(c)(2)(B) of the CARES Act, as amended by section 207(d)(2) of the Relief Act, and 26 U.S.C. § 3134(c)(2)(B) are all statutory bases for the ERC for 2021. The United States admits the remaining allegations in paragraph 16.

17. The United States denies that 26 U.S.C. § 3134(h)(2) is the correct statutory basis for the allegations made in this paragraph. The proper statutory basis is 26 U.S.C. § 3134(h)(1)(A). The United States admits the remaining allegations in paragraph 17.

### ERC – Refundability and Amendment for Refund Claim

18. The United States admits the allegations in paragraph 18.
19. The United States admits the allegations in paragraph 19.

## PLAINTIFF BACKGROUND AND FACTUAL ASSUMPTIONS

20. The United States admits that, according to the State of Florida Division of Corporations, the Plaintiff has been an active corporation since 1978. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20.

21. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. The United States denies that the Plaintiff timely determined, executed, and filed Forms 941 for all quarters in 2020 and 2021. The United States admits the remaining allegations in paragraph 22.

23. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24. The United States admits that the Plaintiff claimed the ERCs in the associated table as refunds on its Forms 941-x. The United States lacks knowledge or information to a form a belief about the remaining allegations in paragraph 24.

25. The United States admits the allegations in paragraph 25.

26. The United States admits the allegations in paragraph 26.

27. The United States denies the implication that the requested refunds are appropriate and thus unjustifiably delayed. The United States otherwise admits the remaining allegations in paragraph 27.

28. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. The United States admits the allegations in paragraph 29 to the extent admitted in response to the allegations in paragraphs 27 and 28.

## CAUSE OF ACTION

30. The United States admits the allegations in paragraph 30.

31. The United States admits the allegations in paragraph 31.

32. The United States admits the allegations in paragraph 32.

33. The United States admits the allegations in paragraph 33.

34. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35. The United States denies the allegations in paragraph 35.

## PRAYER FOR RELIEF

Unnumbered Paragraph: The United States lacks knowledge or information sufficient to form a belief about whether Welch Plastering is entitled to refunds, including accrued interest, for the specified quarters. The United States denies that the Plaintiff is entitled to attorney's fees and other legal costs.

Dated: August 9, 2024

                Respectfully Submitted,

                DAVID A. HUBBERT
                Deputy Assistant Attorney General
                Tax Division

                **Andrew J. Weisberg**
                Andrew J. Weisberg (#A5502718)
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 14198

Washington, D.C. 20044
202-616-3884 (v)
202-514-4963 (f)
Andrew.J.Weisberg@usdoj.gov

*Of Counsel:*

MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## CERTIFICATE OF COMPLIANCE

I certify that, in accordance with Local Rule 5.1, this document is in Calisto MT font, size 13, with footnotes in Calisto MT font, size 12.

Date: August 9, 2024

*/s/ Andrew J. Weisberg*
ANDREW J. WEISBERG
Trial Attorney
U.S. Dept. of Justice, Tax Division

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2024, I electronically filed this document with the Clerk of Court using the CM/ECF system. All parties were served via notice through the Court's CM/ECF system.

Date: August 9, 2024

*/s/ Andrew J. Weisberg*
ANDREW J. WEISBERG
Trial Attorney, Tax Division
U.S. Department of Justice